**THIRD DIVISION**
**MILLER, P. J.,**
**RAY and BRANCH, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
(Court of Appeals Rule 4 (b) and Rule 37 (b), February 21, 2008)
http://www.gaappeals.us/rules/

**March 19, 2013**

# In the Court of Appeals of Georgia

A12A1892. PARADISE v. THE STATE.

BRANCH, Judge.

In January 1993, Bobby Paradise was tried before a jury and found guilty on four counts each of aggravated child molestation, aggravated sodomy, and child molestation. The trial court merged the counts of aggravated child molestation into the counts of aggravated sodomy and sentenced Paradise to consecutive life sentences on each count of aggravated sodomy and consecutive 20-year terms on the counts of child molestation, with the final 20 years to be served on probation. Following the denial of his motion for new trial, Paradise appealed, and this Court affirmed. *Paradise v. State*, 212 Ga. App. 166 (441 SE2d 497) (1994). On February 13, 2012, Paradise filed a pro se motion to vacate a void sentence. The trial court denied the motion, and Paradise brings the current appeal. Because Paradise has already sought

and received rulings on the issue of whether his sentence is void, we dismiss his appeal as barred by the law of the case.

Following his direct appeal, Paradise has challenged his conviction and sentence on numerous occasions. On at least three occasions, he has filed a motion in the trial court attempting to set aside his sentence as void. On November 19, 1998, Paradise filed an "Extraordinary Motion for Correction of Sentence," in which he argued that his sentence was void. The trial court denied the motion the same day. There is nothing in the record to indicate that Paradise appealed that ruling. On February 15, 1999, Paradise filed a motion for an evidentiary hearing regarding sentencing, alleging violations of his 5th, 6th, 8th, and 14th Amendment rights. In the motion, Paradise asserted that he had never received a response from his November 19, 1998 motion. There is no indication that the trial court took any action in response to the February 15, 1999 filing.

On May 12, 2004, Paradise filed another "Extraordinary Motion for Correction of Void and Unauthorized Sentence," in which he again argued that his sentence was void. The trial court denied the motion on September 15, 2004, and filed the order on September 20, 2004. Paradise sought review in this Court, but his application for discretionary appeal was untimely and therefore dismissed. Paradise moved the Court

for reconsideration, which was denied, and he petitioned the Supreme Court of Georgia for writ of certiorari, which was also denied.

On November 20, 2006, Paradise filed a "Motion To Vacate Void Sentence." The trial court denied the motion on January 8, 2007, and this Court dismissed Paradise's application for discretionary appeal on the grounds that (1) he had not raised a valid claim of a void sentence in his motion in the trial court[1] and (2) he had already pursued a direct appeal. Paradise's motion for reconsideration was denied, as was his application for writ of certiorari to the Supreme Court. At about the same time, Paradise filed a direct appeal of the same January 8, 2007 order. The appeal was dismissed as untimely.

On February 13, 2012, Paradise filed the motion that resulted in this appeal. We have carefully reviewed all of Paradise's arguments that his sentence is void and find that he has raised each of them in his earlier filings, although most, if not all, cannot

---

[1] A direct appeal does not lie from the denial of a motion to set aside a sentence as void "unless it raises a colorable claim that the sentence is, in fact, void." (Citation omitted.) *Rooney v. State*, 318 Ga. App. 385, 386 (734 SE2d 104) (2012).

be characterized as attacks on a void judgment.[2] In addition to asserting that his sentence is void, he asserts that the court erred by not considering the merits of the motion and by failing to hold an evidentiary hearing.

The State contends that Paradise's appeal should be dismissed because it is barred by res judicata. We agree that the appeal must be dismissed, but, as in a recent

---

[2] In his multiple motions to correct a void sentence, Paradise has raised arguments that are not relevant to a claim of a void sentence. "A sentence is void [only] if the court imposes punishment that the law does not allow." (Citations and punctuation omitted.) *Jones v. State*, 278 Ga. 669, 670 (604 SE2d 483) (2004); see also *Rooney*, 287 Ga. at 2 (2) ("[T]he only ground for authorizing a trial court to correct a sentence at any time is that the sentence is void.") (punctuation omitted). "[A] challenge to a void *sentence* presupposes that the trial court was authorized to sentence the defendant but the sentence imposed was not allowed by law." (Citations omitted; emphasis in original.) *Williams v. State*, 287 Ga. 192, 193 (695 SE2d 244) (2010). A claim challenging a *conviction* as void is not the same, *State v. Green*, 308 Ga. App. 33, 34-35 (1) (706 SE2d 720) (2011), and "a petition to vacate or modify a judgment of conviction is not an appropriate remedy in a criminal case." (Citation and punctuation omitted.) *Williams*, 287 Ga. at 192. "A criminal defendant who has had a conviction affirmed on direct appeal may gain further appellate review of the judgment of conviction by filing an extraordinary motion for new trial or a petition for writ of habeas corpus." (Citation omitted.) *Richards v. State*, 275 Ga. 190, 191, n. 1 (563 SE2d 856) (2002). A defendant may file only one extraordinary motion for new trial. Id.

opinion of this Court, "we do so under the law-of-the-case rule."[3] *Ross v. State*, 310 Ga. App. 326, 327 (713 SE2d 438) (2011).

"[A]ny ruling by the Supreme Court or the Court of Appeals in a case shall be binding in all subsequent proceedings in that case in the lower court and in the Supreme Court or the Court of Appeals as the case may be." OCGA § 9-11-(60 (h). As set forth in *Ross*:

> It is well established that any issue that was raised and resolved in an earlier appeal is the law of the case and is binding on this Court, and that the law of the case doctrine is not confined to civil cases, but applies also to rulings made by appellate courts in criminal cases.

(Punctuation and footnotes omitted.) Id. In *Ross*, the defendant filed a motion asserting that his sentence was void in "substantially the same motion" as he had filed earlier in the same court. Although the defendant had attempted to appeal the dismissal of his earlier motion, his appeal was dismissed as untimely. Id. Yet his earlier motion and appeal were binding as law of the case:

> Ross's current appeal involves the exact same subject matter as his previous appeal, which we dismissed for being untimely filed. In this

---

[3] "Collateral estoppel and res judicata are inapplicable because both require a previous action between the same parties, and the trial court's orders came in the same action now on appeal." *State v. Mizell*, 288 Ga. 474, 478 (3) (705 SE2d 154) (2011).

respect, it matters not that the dismissal of Ross's previous appeal did not reach the merits of Ross's claim because the dismissal, nevertheless, constitutes binding law of the case.

(Footnote omitted.) Id. Here, Paradise at least thrice has moved for relief from his sentence on the ground that it is void and twice appealed the denial of the motion. Thus, with regard to any argument that Paradise's sentence is void, we must conclude that the issue has already been litigated and cannot be raised again. Although a void sentence may be challenged at any time, "this important legal principle is, nevertheless, subject to the equally well established principles of res judicata and the law-of-the-case rule once the issue has been raised and ruled upon." *Ross*, 310 Ga. App. at 328. Cf. *Howard v. State*, 289 Ga. 207 (1) (710 SE2d 761) (2011) ("Because Howard cannot re-litigate here the same issues that were dismissed in his prior appeals, these claims will not be considered.").

*Appeal dismissed. Miller, P. J., and Ray, J., concur.*