# Court of Appeals
# of the State of Georgia

ATLANTA,  December 16, 2014

*The Court of Appeals hereby passes the following order:*

**A14A1664. CRAVEN v. THE STATE.**

In 2006, David Wayne Craven was convicted of aggravated child molestation, child molestation, and two counts of aggravated sodomy. This court affirmed his conviction. *Craven v. State*, 292 Ga. App. 592 (664 SE2d 921) (2008). In 2014, Craven filed a pro se "Motion to Vacate a Void Judgment." The trial court dismissed his motion, and Craven filed this appeal. Because we lack jurisdiction, we must dismiss the appeal.

"A direct appeal does not lie from the denial of a motion to set aside a sentence as void unless it raises a colorable claim that the sentence is, in fact, void." (Citations and punctuation omitted.) *Paradise v. State*, 321 Ga. App. 371, 372 n.1 (740 SE2d 238) (2013). And a sentence is void only if it imposes punishment that the law does not allow. *Crumbley v. State*, 261 Ga. 610, 611 (1) (409 SE2d 517) (1991). "Motions to vacate a void sentence generally are limited to claims that — even assuming the existence and validity of the conviction for which the sentence was imposed — the law does not authorize that sentence, most typically because it exceeds the most severe punishment for which the applicable penal statute provides." (Citations omitted.) *von Thomas v. State*, 293 Ga. 569, 572 (2) (748 SE2d 446) (2013).

In his brief, Craven argues that his convictions must be reversed based upon a flaw in the indictment and failure to prove venue. These are not colorable void sentence claims. See, e.g., id. Accordingly, we lack jurisdiction to consider this

appeal, and it is hereby DISMISSED.



*Court of Appeals of the State of Georgia*

       *Clerk's Office, Atlanta,*____12/16/2014____

       *I certify that the above is a true extract from*

*the minutes of the Court of Appeals of Georgia.*

       *Witness my signature and the seal of said court*

*hereto affixed the day and year last above written.*

_____, *Clerk.*