# Court of Appeals
# of the State of Georgia

ATLANTA,    July 16, 2015

*The Court of Appeals hereby passes the following order:*

**A15A1886.  BOBBY PARADISE v. THE STATE.**

Bobby Paradise appeals the trial court's denial of his November 2014 motion for an extension of time to file an out-of-time appeal from the trial court's November 19, 1998 order denying his extraordinary motion to correct sentence.  For the reasons discussed below, we dismiss Paradise's appeal as barred by the law of the case and for lack of jurisdiction.

A jury convicted Paradise in 1993 of four counts each of aggravated child molestation, aggravated sodomy, and child molestation.  See *Paradise v. State*, 212 Ga. App. 166, 166 (441 SE2d 497) (1994) ("*Paradise I*").  The trial court sentenced him to several consecutive terms of life imprisonment for the aggravated sodomy convictions and several consecutive 20-year terms of imprisonment for the child molestation convictions, with the final 20 years to be served on probation.  We affirmed Paradise's convictions and sentences.  See id. at 166, 170.

In 1998, Paradise filed an extraordinary motion to correct sentence, arguing that: (i) his sentences were void because they exceeded the statutory limits; (ii) the trial court violated his Eighth and Fourteenth Amendment rights by imposing the "maximum punishment" for his offenses; (iii) the trial court erred by engaging in "mechanical sentencing," by failing to exercise discretion in imposing Paradise's sentence, and by basing his sentence on vindictiveness; and (iv) Paradise's trial counsel rendered various instances of ineffective assistance during sentencing.  The trial court denied Paradise's motion in November 1998, but Paradise argues in the motion that is the subject of the instant appeal that he first learned of the November

1998 denial of his extraordinary motion to correct sentence after he filed a motion for production of documents in October 2014.

In the meantime, Paradise filed additional documents attempting to set aside his sentence as void. In May 2004, Paradise filed another extraordinary motion to correct sentence, again arguing that his sentence was void. *Paradise v. State*, 321 Ga. App. 371, 372 (740 SE2d 238) (2013) ("*Paradise II*"). In relevant part, Paradise contended that his life sentences exceeded the authorized punishment. The trial court denied the motion in September 2004. Id. Paradise sought review in this Court, but we dismissed his application for discretionary appeal as untimely. Id. Paradise moved this Court for reconsideration, which we denied, and he petitioned the Supreme Court of Georgia for a writ of certiorari, which also was denied. Id.

In November 2006, Paradise filed a motion to vacate a void sentence. Id. The trial court denied the motion in January 2007, and we dismissed Paradise's application for discretionary appeal on the grounds that: (i) he had not raised a valid void-sentence claim in the motion; and (ii) he already had pursued a direct appeal. Id. We denied Paradise's motion for reconsideration, and the Supreme Court denied his application for a writ of certiorari. Id. At about the same time, Paradise filed a direct appeal of the same January 2007 order, which we dismissed as untimely. Id.

Again in February 2012, Paradise filed a motion to vacate a void sentence, arguing that his sentences: (i) violated the right to be free from double jeopardy; (ii) were motivated by vindictiveness; and (iii) violated the Eighth Amendment. The trial court denied this motion in March 2012, and we dismissed Paradise's subsequent appeal as barred by the law of the case. See id. at 372-373.

Under OCGA § 17-10-1 (f), a court may modify a sentence during the year after its imposition or within 120 days after remittitur following a direct appeal, whichever is later. See *Frazier v. State*, 302 Ga. App. 346, 348 (691 SE2d 247) (2010). Once this statutory period expires, a trial court may modify only a void sentence. Id. A direct appeal does not lie from the denial of a motion to modify a sentence filed outside the statutory time period unless the motion raises a colorable claim that the sentence is, in fact, void. Id. Under the law-of-the-case doctrine, any

issue that was raised and resolved in an earlier appeal—even where the prior appeal was dismissed without reaching the merits of the appeal—is the law of the case and is binding on this Court. See *Paradise II*, supra at 373; see also OCGA § 9-11-60 (h).

Paradise's November 2014 motion for an extension of time to file an out-of-time appeal—the denial of which is the subject of the instant appeal—essentially sought permission to file an out-of-time appeal alleging errors in his sentence. Each substantive claim Paradise seeks to raise in such an appeal, however, is barred. Given our previous rulings on Paradise's prior void-sentence claims, his current argument that his sentence is void is barred by the law of the case. See *Paradise II*, supra at 371-373 ("[W]ith regard to any argument that Paradise's sentence is void, we must conclude that the issue has already been litigated and cannot be raised again."). Any other sentencing claims Paradise may wish to raise are well outside of the time limit within which a trial court may modify or vacate a sentence for any other reason. See OCGA § 17-10-1 (f); *Frazier*, supra at 348. Consequently, this appeal is DISMISSED as barred by the law of the case and for lack of jurisdiction.



*Court of Appeals of the State of Georgia*
    *Clerk's Office, Atlanta,*    07/16/2015
    *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
    *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ , *Clerk.*