# Court of Appeals
# of the State of Georgia

ATLANTA,  June 14, 2018

*The Court of Appeals hereby passes the following order:*

**A18A1690.  DAVID LEON KIRKLAND v. THE STATE.**

David Kirkland was convicted of armed robbery and sentenced to life without the possibility of parole, and his conviction was affirmed on appeal. See *Kirkland v. State*, 315 Ga. App. 143 (726 SE2d 644) (2012). In January 2018, he filed a "motion to vacate void and illegal sentence," arguing that he was illegally sentenced as a recidivist. The trial court denied the motion, and Kirkland then filed this appeal. We, however, lack jurisdiction.

A direct appeal may lie from an order denying or dismissing a motion to vacate a void sentence, but only if the defendant raises a colorable claim that the sentence is, in fact, void.  See *Harper v. State*, 286 Ga. 216, 217 n.1 (686 SE2d 786) (2009); *Burg v. State*, 297 Ga. App. 118, 119 (676 SE2d 465) (2009). "Motions to vacate a void sentence generally are limited to claims that – even assuming the existence and validity of the conviction for which the sentence was imposed – the law does not authorize that sentence, most typically because it exceeds the most severe punishment for which the applicable penal statute provides." *von Thomas v. State*, 293 Ga. 569, 572 (2) (748 SE2d 446) (2013).

Kirkland contends that his sentence is void because the trial court improperly sentenced him to life without parole without first seeking the death penalty and filing the appropriate notice as required under OCGA § 17-10-16 (a). As noted by the trial court, however, Kirkland was not sentenced under § 17-10-16 (a). Rather, because Kirkland had at least three prior felonies at the time he committed the armed robbery offense, the trial court was authorized to sentence him under OCGA § 17-10-7 (c) as a recidivist and impose a life sentence without the possibility of parole. See OCGA

§ 17-10-7 (c) (holding that a person having been convicted of three or more felonies shall be sentenced to serve the maximum time for a subsequent offense without eligibility for parole).

Moreover, Kirkland has already filed a motion raising the same argument, and this Court dismissed his appeal from the trial court's denial of that motion. See A18A0094 (Dismissed on August 18, 2017). We are, therefore, precluded from revisiting the issue. See *Paradise v. State*, 321 Ga. App. 371, 373 (740 SE2d 238) (2013) ("Although a void sentence may be challenged at any time, 'this important legal principle is, nevertheless, subject to the equally well established principles of res judicata and the law-of-the-case rule once the issue has been raised and ruled upon.'"); *Ross v. State*, 310 Ga. App. 326, 328 (713 SE2d 438) (2011) (while void sentence is nullity and may be vacated at any time, it is still subject to res judicata and law-of-the-case rule; defendant "not entitled to multiple bites at the apple").

For the reasons stated above, this appeal is hereby DISMISSED for lack of jurisdiction.



*Court of Appeals of the State of Georgia*

*Clerk's Office, Atlanta,   06/14/2018*

*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ , *Clerk.*