# Court of Appeals
# of the State of Georgia

ATLANTA,   September 28, 2018

*The Court of Appeals hereby passes the following order:*

**A18A2048 & A18A2063.  LABARRION HARRIS v. THE STATE.**

In 2011, LaBarrion Harris pleaded guilty to armed robbery, aggravated assault, aggravated battery, and possession of a firearm during the commission of a felony. He was sentenced to a total term of imprisonment of 35 years, with the first 20 years to serve in prison and the remainder on probation. Harris did not file a direct appeal. He has, however, filed numerous pro se pleadings.[1]

In February 2018, Harris filed a "Motion to Nullify Judgment of Void Indictment," arguing that the trial court lacked jurisdiction because the statutory provisions under which he was convicted are unconstitutional.  The trial court denied the motion on February 21, 2018, and Harris filed a timely notice of appeal.  It has been docketed as Case No. A18A2048.  In March 2018, Harris filed a "Motion Challenging Jurisdiction of Judgment in Unconstitutional Indictment . . . ," raising the same argument.  The trial court denied the motion on March 8, 2018, and Harris filed a timely notice of appeal.  It has been docketed as Case No. A18A2063.

A review of our docket shows that Harris has previously raised the same challenge to his convictions.  See Case No. A18A1270 (dismissed March 5, 2018); A18D0344 (dismissed March 28, 2018); A18D0367 (dismissed March 28, 2018).  As we explained in our orders dismissing those cases, Harris's claim of unconstitutionality is a challenge to his convictions, not his sentence, and therefore

---

[1] One of Harris's appeals is currently pending before this Court: in Case No. A18A2045, he appeals from the trial court's February 2, 2018, order denying his untimely motion to withdraw his guilty plea.

is not a colorable void-sentence claim. See, e.g., *Harper v. State*, 286 Ga. 216, 218 (1) (686 SE2d 786) (2009). Thus, his appeals from the trial court's orders denying his motions are subject to dismissal. See Id. at 218 (2).

Moreover, "[i]t is axiomatic that the same issue cannot be relitigated *ad infinitum*." *Echols v. State*, 243 Ga. App. 775, 776 (534 SE2d 464) (2000). In light of Harris's previous appeals, we are precluded from revisiting the issue. See *Paradise v. State*, 321 Ga. App. 371, 373 (740 SE2d 238) (2013) ("Although a void sentence may be challenged at any time, 'this important legal principle is, nevertheless, subject to the equally well established principles of res judicata and the law-of-the-case rule once the issue has been raised and ruled upon.'"); *Ross v. State*, 310 Ga. App. 326, 328 (713 SE2d 438) (2011) (while void sentence is nullity and may be vacated at any time, it is still subject to res judicata and law-of-the-case rule; defendant is "not entitled to multiple bites at the apple").

For the reasons stated above, these appeals are hereby DISMISSED for lack of jurisdiction.



Court of Appeals of the State of Georgia
Clerk's Office, Atlanta, _09/28/2018_
I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.
Witness my signature and the seal of said court hereto affixed the day and year last above written.


_____, Clerk.