# Court of Appeals
# of the State of Georgia

ATLANTA,  May 24, 2023

*The Court of Appeals hereby passes the following order:*

**A23D0318. BEN D. WESTBROOK v. THE STATE.**

Ben D. Westbrook was indicted in 2006 on nine separate charges, including aggravated assault, aggravated battery, obstruction of a law enforcement officer, possession of a firearm during the commission of a crime, and discharge of a firearm on or near a public highway. Westbrook pleaded guilty to each of the charged crimes and, following a hearing, the trial court sentenced Westbrook to the statutory maximum on each of the nine counts, with all sentences to run consecutively. Several years after his conviction, Westbrook filed a motion seeking, inter alia, to challenge his sentence. Specifically, Westbrook alleged that his sentence was void because the trial court erred: (1) in failing to merge the counts of aggravated battery and obstruction of a law enforcement officer with the count of aggravated assault; (2) in failing to merge the count of possession of a firearm during the commission of a crime with the count of discharge of a firearm on or near a public highway; and (3) in requiring that all sentences run consecutively, rather than concurrently. The trial court denied Westbrook's motion, and we subsequently affirmed the trial court's order. *Westbrook v. State*, Case No. A13A1902 (February 21, 2014). In 2023, Westbrook filed another motion to correct his sentence, in which he again asserted that the trial court had erred in failing to merge certain counts before sentencing and in requiring that all sentences run consecutively. The trial court denied that motion and Westbrook then filed this application for a discretionary appeal. We lack jurisdiction.

"It is well established that any issue that was raised and resolved in an earlier appeal is the law of the case and is binding on this Court[.]" *Ross v. State*, 310 Ga.

App. 326, 327 (713 SE2d 438) (2011) (punctuation and footnote omitted). As noted above, we previously considered the validity of Westbrook's sentence in his prior appeal. And Westbrook "is not entitled to another bite at the apple by way of a second appeal" on this same issue. *Jackson v. State*, 273 Ga. 320, 320 (540 SE2d 612) (2001). See also *Paradise v. State*, 321 Ga. App. 371, 373 (740 SE2d 238) (2013) ("Although a void sentence may be challenged at any time, this important legal principle is, nevertheless, subject to the equally well established principles of res judicata and the law-of-the-case rule once the issue has been raised and ruled upon.") (citation and punctuation omitted). Accordingly, this application is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,  05/24/2023*

*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_Stephen E. Castlen_____ , *Clerk.*