# Court of Appeals
# of the State of Georgia

ATLANTA, May 07, 2025

*The Court of Appeals hereby passes the following order:*

**A25A1533. VINCENT DEWAYNE MAYWEATHER v. THE STATE**.

Vincent DeWayne Mayweather was convicted of one count of aggravated sodomy and one count of aggravated child molestation. The trial court merged the convictions for sentencing purposes, and sentenced Mayweather to 25 years of incarceration, followed by life on probation. This Court affirmed Mayweather's conviction on appeal. *Mayweather v. State*, Case No. A23A1417 (November 20, 2023). In December 2024, Mayweather filed a "Motion to Correct A Void Sentence." Finding that the sentence imposed was permitted by law, the trial court dismissed that motion. Mayweather then filed this direct appeal. We lack jurisdiction.

A defendant has a right of direct appeal from an order denying his motion to correct a void sentence only if he raises a colorable claim that the sentence is, in fact, void. See *Paradise v. State*, 321 Ga. App. 371, 372, n. 1 (740 S.E.2d 238) (2013); *Burg v. State*, 297 Ga. App. 118, 119 (676 SE2d 465) (2009). And a sentence is void only if it "imposes punishment that the law does not allow." *Frazier v. State*, 302 Ga. App. 346, 348 (691 SE2d 247) (2010) (citation and punctuation omitted). See also *Jones v. State*, 278 Ga. 669, 670 (604 SE2d 483) (2004) ("[w]hen the sentence imposed falls within the statutory range of punishment, the sentence is not void and is not subject to post-appeal modification . . .").

Here, Mayweather cannot raise a colorable void sentence claim. See OCGA § 16-6-4 (d) (1) ("a person convicted of the offense of aggravated child molestation shall be punished by imprisonment for life or by a split sentence that is a term of imprisonment for not less than 25 years and not exceeding life imprisonment, followed

by probation for life"). Given that fact, and pretermitting whether our decision in his previous appeal bars his current claim under the law of the case doctrine, Mayweather is not entitled to a direct appeal from the trial court's order. See *Harper v. State*, 286 Ga. 216, 217 (1), n.1 (686 SE2d 786) (2009); *Burg*, 297 Ga. App. at 119. Accordingly, this appeal is hereby DISMISSED for lack of jurisdiction.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta, 05/07/2025*

    *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

    *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____, *Clerk.*