# Court of Appeals
# of the State of Georgia

ATLANTA,  November 14, 2025

*The Court of Appeals hereby passes the following order:*

## A26A0566. JOSE GAONA v. THE STATE.

In 2018, Jose Gaona pleaded guilty to charges of armed robbery, criminal attempt to commit armed robbery, aggravated assault  (two counts), and possession of a firearm during the commission of a felony (two counts). The trial court sentenced Gaona to 15 years on each count of armed robbery, criminal attempt, and aggravated assault, with all sentences to run concurrently. Gaona was also sentenced to serve five years probation on each of the firearms counts, with those sentences to run consecutive to his other sentences. In 2025, Gaona filed a motion seeking modification of his sentence. After the trial court denied that motion, Gaona filed this direct appeal. Given the circumstances of this case, however, Gaona does not have a right to appeal the trial court's order.

Under OCGA § 17-10-1 (f), a court may modify a sentence during the year after its imposition or within 120 days after remittitur following a direct appeal, whichever is later. *Frazier v. State*, 302 Ga. App. 346, 348 (691 SE2d 247) (2010). Once, as here, this statutory period expires, a trial court may modify only a void sentence. Id. "A sentence is void if the court imposes punishment that the law does not allow." *Jones v. State*, 278 Ga. 669, 670 (604 SE2d 483) (2004) (citation and punctuation omitted). When a sentence falls within the statutory range of punishment, it is neither void nor subject to modification beyond the time provided in OCGA § 17-10-1 (f). See id. See also *Jones*, 278 Ga. at 670. And a direct appeal does not lie from the denial of a motion to modify a sentence filed outside the statutory time period unless the motion raises a colorable claim that the sentence is, in fact, void. *Frazier*, 302 Ga. App. at 348. See

also *Paradise v. State*, 321 Ga. App. 371, 372, n. 1 (740 S.E.2d 238) (2013); *Burg v. State*, 297 Ga. App. 118, 119 (676 SE2d 465) (2009). Here, Gaona's sentences fell within the statutory range of punishment for each of the crimes at issue. See OCGA § 16-8-41 (b) ("A person convicted of the offense of armed robbery shall be punished by death or imprisonment for life or by imprisonment for not less than ten nor more than 20 years."); OCGA § 16-4-6 (a) (" A person convicted of the offense of criminal attempt to commit a crime punishable by death or by life imprisonment shall be punished by imprisonment for not less than one year nor more than 30 years."); OCGA § 16-5-21 (b) (except under circumstances not present here, "a person convicted of the offense of aggravated assault shall be punished by imprisonment for not less than one nor more than 20 years"); OCGA § 16-11-106 (b) (possession of a firearm during the commission of a felony "shall be punished by confinement for a period of five years, such sentence to run consecutively to any other sentence which the person has received").

Given that Gaona cannot raise a colorable void sentence claim, he is not entitled to a direct appeal from the trial court's order. See *Harper v. State*, 286 Ga. 216, 217 (1), n.1 (686 SE2d 786) (2009); *Burg*, 297 Ga. App. at 119. Accordingly, this appeal is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,    11/14/2025*

    *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

    *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ *, Clerk.*