# Court of Appeals
# of the State of Georgia

ATLANTA, December 10, 2025

*The Court of Appeals hereby passes the following order:*

**A26A0868. JAMES BRIGHT v. THE STATE.**

On October 25, 2021, James Bright entered a negotiated guilty plea to: trafficking methamphetamine (more than 200 grams), for which he was sentenced to 16 years with the first 15 years to serve in confinement; possession of marijuana less then one ounce, for which he was sentenced to one year to serve concurrent; and possession of a firearm by a convicted felon, for which he was sentenced to five years to serve concurrent. In September 2025, Bright filed a motion to modify his sentence, which the trial court denied. Bright then filed this direct appeal.

Under OCGA § 17-10-1(f), a court may modify a sentence during the year after its imposition or within 120 days after remittitur following a direct appeal, whichever is later. *Frazier v. State*, 302 Ga. App. 346, 348 (691 SE2d 247) (2010). Once, as here, this statutory period expires, a trial court may modify only a void sentence. Id. "A sentence is void if the court imposes punishment that the law does not allow." *Jones v. State*, 278 Ga. 669, 670 (604 SE2d 483) (2004) (citation and punctuation omitted). When a sentence falls within the statutory range of punishment, it is neither void nor subject to modification beyond the time provided in OCGA § 17-10-1(f). See id. And a direct appeal does not lie from the denial of a motion to modify a sentence filed outside the statutory time period unless the motion raises a colorable claim that the sentence is, in fact, void. *Frazier*, 302 Ga. App. at 348. See also *Paradise v. State*, 321 Ga. App. 371, 372 n.1 (740 S.E.2d 238) (2013); *Burg v. State*, 297 Ga. App. 118, 119 (676 SE2d 465) (2009).

Here, Bright does not contend that any of his sentences fell outside the

statutory range of punishment, and, in fact, his sentences are within the statutory ranges. See OCGA § 16-13-31(e)(2) (mandatory minimum for trafficking 200 grams of methamphetamine 15 years); OCGA § 16-13-30(j) (not less than one year no more than 10 years for possession of marijuana); OCGA § 16-11-131(b) (not less than one year no more than 10 years for possession of firearm by a convicted felon). Instead, Bright merely asserts his sentences are harsh and not in his best interest. This is not a colorable void-sentence claim. Accordingly, Bright is not entitled to a direct appeal, and this appeal is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
 *Clerk's Office, Atlanta,* __12/10/2025_____

   *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

   *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ , *Clerk.*