# Court of Appeals
# of the State of Georgia

ATLANTA,  January 07, 2026

*The Court of Appeals hereby passes the following order:*

**A26A1013. JAVIS JONES v. THE STATE.**

In April 2022, Javis Jones entered a guilty plea to two counts of second-degree cruelty to children. Jones subsequently moved to vacate an allegedly void sentence, arguing that his sentences should have been merged. The trial court dismissed the motion, and Jones appealed. We dismissed the appeal because Jones was not authorized to collaterally attack his conviction in that manner. See Case No. A25A2001 (June 24, 2025). Thereafter, Jones filed a second motion to correct a void conviction based upon a claim of merger.[1] The trial court dismissed the motion, and this appeal followed.

As we have already explained in our prior dismissal order, a motion to correct or vacate a void sentence is not an appropriate method for asserting a merger claim. See *Nazario v. State*, 293 Ga. 480, 488 (2) (d) (746 SE2d 109) (2013). Furthermore, "[i]t is axiomatic that the same issue cannot be relitigated ad infinitum. The same is true of appeals of the same issue on the same grounds." *Echols v. State*, 243 Ga. App. 775, 776 (534 SE2d 464) (2000) (punctuation omitted). Having already appealed the denial of a post-conviction merger claim, Jones is not entitled to a second such appeal. See *Ross v. State*, 310 Ga. App. 326, 327 (713 SE2d 438) (2011) (dismissal of previous appeal constitutes binding law of the case, even though the appeals court did not reach

---

[1] Although Jones also purports to raise a double jeopardy claim in the caption of his motion, in substance he argues only that his convictions should have merged. See *Martin v. State,* 369 Ga. App. 193, 196 (2) (892 SE2d 826) (2023) (in construing motions, we consider the substance of the motion rather than its nomenclature).

the merits of the claim in the prior case); see also *Paradise v. State*, 321 Ga. App. 371, 373 (740 SE2d 238) (2013) ("Although a void sentence may be challenged at any time, this important legal principle is, nevertheless, subject to the equally well established principles of res judicata and the law-of-the-case rule once the issue has been raised and ruled upon." (punctuation omitted)). Accordingly, this appeal is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
*   Clerk's Office, Atlanta,___01/07/2026_____*

   *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

   *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ *, Clerk.*