# Court of Appeals
# of the State of Georgia

ATLANTA,‎ June 08, 2026‎

*The Court of Appeals hereby passes the following order:*

**A26A2017. RODGER DALE REDDEN v. THE STATE.**

In 1997, a jury found Rodger Dale Redden guilty of armed robbery and aggravated assault, and his convictions were affirmed on appeal. *Redden v. State*, Case No. A98A0825 (Nov. 13, 1998) (unpublished). Since then, Redden has filed multiple unsuccessful motions seeking to challenge the validity of his sentence. See *Redden v. State*, 294 Ga. App. 879 (670 SE2d552) (2008); *Redden v. State*, Case No. A21A0109 (dismissed Sept. 9, 2020); *Redden v. State*, Case No. A22A0725 (dismissed Aug. 26, 2022). In December 2025 and January 2026, Redden filed additional motions challenging the validity of his sentence and his underlying convictions. The trial court denied the motions, and Redden filed this direct appeal.

"It is well established that any issue that was raised and resolved in an earlier appeal is the law of the case and is binding on this Court and that the law of the case doctrine is not confined to civil cases, but applies also to rulings made by appellate courts in criminal cases." *Ross v. State*, 310 Ga. App. 326, 327 (713 SE2d 438) (2011) (citation modified).  We have already considered the validity of Redden's sentence, and he "is not entitled to multiple bites at the apple."  *Ross*, 310 Ga. App. at 328; see also *Paradise v. State*, 321 Ga. App. 371, 373 (740 SE2d 238) (2013) ("Although a void sentence may be challenged at any time, this important legal principle is, nevertheless, subject to the equally well established principles of res judicata and the law-of-the-case rule once the issue has been raised and ruled upon.") (punctuation omitted); *Echols v. State*, 243 Ga. App. 775, 776 (534 SE2d 464) (2000) ("It is axiomatic that the same issue cannot be relitigated ad infinitum.").

Furthermore, to the extent Redden seeks to raise any challenge to the validity of his conviction, a motion seeking to challenge an allegedly void judgment of conviction "is not one of the established procedures for challenging the validity of a judgment in a criminal case." *Roberts v. State*, 286 Ga. 532, 532 (690 SE2d 150) (2010). Any appeal from an order denying or dismissing such a motion must be dismissed. *Harper v. State*, 286 Ga. 216, 218(1), (2) (686 SE2d 786) (2009).

Because Redden is not entitled to relitigate the validity of his sentence — and because he is not authorized to collaterally attack his conviction — this appeal is hereby DISMISSED. See *Paradise*, 321 Ga. App. at 373.



*Court of Appeals of the State of Georgia*
  *Clerk's Office, Atlanta,* 06/08/2026

      *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

      *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ , *Clerk.*