A01A2457. IN THE INTEREST OF B. B. S., a child.

(558 SE2d 447)

ANDREWS, Presiding Judge.

The putative father of B. B. S. appeals from the juvenile court's order terminating his parental rights after he failed to timely file a legitimation petition under OCGA § 15-11-96 (i). We find no reversible error and affirm.

The record shows that B. B. S. was born on May 24, 2000, and taken into protective custody on May 26, 2000, after he and the mother both tested positive for cocaine. At the time, the mother was married to another man, but was living with appellant. The guardian ad litem recommended termination of the rights of the mother and both the legal and biological fathers, stating that the parents' home was unfit and that none of the parents had expressed any interest in the child or provided any support for the child.

The record shows, and the juvenile court found, that the termination petition was served on the appellant on June 15, 2000. The father was directed to file a legitimation petition within 30 days of receiving the notice.

At the termination hearing on April 9, 2001, the juvenile court noted that the father had filed a legitimation petition the week before the hearing. Counsel for the father stated that the father was present in court and he believed the father would testify that he was not aware of the need to file the legitimation petition. The juvenile court declined to allow the putative father to testify and terminated his rights pursuant to OCGA § 15-11-96 (i). This appeal followed.

OCGA § 15-11-96 (i) provides in pertinent part:

A biological father who is not the legal father loses all rights to the child and the court shall enter an order terminating all such father's rights to the child and such father may not thereafter object to the termination of his rights to the child if within 30 days from his receipt of the notice provided for in subsection (e) of this Code section he: (1) Does not file a legitimation petition and give notice as required in subsection (h) of this Code section. . . .

It is undisputed that the father did not file a legitimation petition within 30 days of receipt of the termination notice, but instead waited almost a year before filing the petition the week before the termination hearing. The father raises, however, three enumerations of error in his appeal from the juvenile court's order.

1. First, the father argues the trial court erred in not allowing him to testify. He states that his counsel stated that he was not aware of any other legitimation petitions, but this was not shown by clear and convincing evidence because neither the father nor his initial counsel was allowed to testify. The father claims the court should have held an evidentiary hearing before terminating his rights.

The father cites to no case law in support of this argument, and we find none. Moreover, the father submitted no evidence to the juvenile court that he ever attempted to file an earlier legitimation petition and points to no evidence on appeal that he would have submitted to the juvenile court. The father was represented by counsel who appeared in his stead and who could have introduced any evidence appellant wished to put before the court. Accordingly, we must conclude the father suffered no harm in not participating in the hearing and, therefore, has shown no reversible error in the trial court's decision. *In the Interest of C. T.*, 247 Ga. App. 522, 525 (544 SE2d 203) (2001).

2. Next, the father claims that OCGA § 15-11-96 is unconstitutional because it applies only to fathers and not to mothers. This issue has already been determined adversely to appellant. *In the Interest of V. M. T.*, 243 Ga. App. 732, 734-735 (534 SE2d 452) (2000). See also *In the Interest of D. B.*, 243 Ga. App. 473, 474 (533 SE2d 737) (2000); *In re Baby Girl Eason*, 257 Ga. 292, 296 (358 SE2d 459) (1987).

3. In his last enumeration of error, the father argues that the court erroneously believed it was without discretion in deciding to terminate his rights under OCGA § 15-11-96 (i). The only support for this enumeration is a statement at the hearing by counsel for the Department of Family & Children Services that the decision to terminate under this Code section "is not a discretionary decision." But, there is no statement by the juvenile court judge that he believed himself to be without discretion in this matter and nothing in the order to that effect. The burden is on the appellant to show both harm and error affirmatively by the record. *In the Interest of J. E. E.*, 228 Ga. App. 831, 833 (493 SE2d 34) (1997). Accordingly, because there is nothing in the record before us to support this contention, we cannot address this enumeration on appeal.

*Judgment affirmed. Eldridge and Miller, JJ., concur.*

DECIDED DECEMBER 19, 2001.

*Clark & Justice, Joseph T. Justice, O'Brien & Koontz, David J. Koontz, David J. Casey*, for appellant.

*Thurbert E. Baker, Attorney General, Dennis R. Dunn, Deputy Attorney General, William C. Joy, Senior Assistant Attorney General, Shalen S. Nelson, Laura W. Hyman, Assistant Attorneys General, Hall & Rapoport, Robert E. Hall, Sanders B. Deen*, for appellee.