## S06F0857. JONES v. SMITH.
### (632 SE2d 663)

MELTON, Justice.

Franklin Jones and Nancy Smith, who have one minor child, were divorced in 2005. In the final judgment and decree of divorce entered on September 13, 2005, the trial court awarded the parties joint legal custody of the minor child, with sole physical custody to appellee-wife. Based upon the evidence presented, the trial court determined that appellant was in wilful contempt for being in arrears in temporary child support, for having failed to comply with the terms of a motion to compel discovery, and for having refused to pay attorney fees to appellee's attorney pursuant to a court order. Appellant filed a pro se application for discretionary review which we granted pursuant to this Court's pilot project. See *Wright v. Wright*, 277 Ga. 133 (587 SE2d 600) (2003).

1. Appellant contends that the trial court abused its discretion in awarding physical custody of the minor child to appellee and restricting him to a specific visitation schedule, arguing that the evidence showed that the best interests of the child were better served by awarding joint physical custody. See OCGA § 19-9-3 (a) (2). As a general rule, where the trial court exercises its discretion and awards custody of a child to one fit parent over the other fit parent, an appellate court will not interfere with that decision unless there is evidence the trial court clearly abused its discretion. *Welch v. Welch*, 277 Ga. 808, 809 (596 SE2d 134) (2004). Here, in the absence of a transcript or a stipulation of evidence promulgated in accordance with OCGA § 5-6-41 (g), we must presume that the evidence supports the findings made by the trial court. See *Blue v. Blue*, 279 Ga. 550 (1) (615 SE2d 540) (2005).

2. Appellant asserts that the trial court further abused its discretion when, ignoring appellee's demonstrated adultery, the court awarded attorney fees and found him in contempt. Absent a trial transcript, we must presume that the evidence considered by the trial court supported the finding made by the court. *Blue*, supra; *Pollard v. Pollard*, 279 Ga. 57 (1) (609 SE2d 354) (2005).

*Judgment affirmed. All the Justices concur.*

DECIDED JULY 13, 2006 —
RECONSIDERATION DENIED JULY 28, 2006.

Franklin G. Jones, *pro se*.
Nancy M. Smith, *pro se*.