### A08A0690. NEELY v. STRENGTH.
(661 SE2d 677)

JOHNSON, Presiding Judge.

Ronald Strength filed a defamation action against Brian Lamont Doyle and Rejoice, Inc. The complaint alleges that Doyle is an employee of Rejoice; that Rejoice owns a radio station; and that the station broadcasted slanderous statements made by Doyle about Strength, the sheriff of Richmond County, including statements that he is a murderer and that drug dealers had paid for his membership in a country club. Approximately two weeks later, Strength filed an amendment to his complaint to show that the correct name of the second defendant is Frank Neely, individually and as the alter ego of Rejoice. According to the amendment, Neely had previously been served with the original complaint as the registered agent of Rejoice.

More than three months later, Strength filed a motion to compel, alleging that Doyle and Neely had failed to respond to his discovery requests. After a hearing on the motion, the trial court entered an order finding that the defendants had wilfully refused to comply with discovery, striking their responsive pleadings, and placing the case in default. The order also noted that the defendants' attorney had previously filed a motion to withdraw as counsel, but he withdrew that motion and represented the defendants at the hearing.

About a month later, a bench trial was held on the issue of damages. Thereafter, the trial court entered its final order, noting

---

[11] See generally *Spivey*, supra at 835 (1).

that defense counsel had made an oral motion to withdraw, but the motion was denied because it failed to comply with the Uniform Superior Court Rules in that it was not made in writing, it was not filed and served as required, and no consent of the clients had been submitted. According to the final order, the attorney did not object to the bench trial proceeding and he participated in the trial. Moreover, the order recites that defense counsel waived various defenses, including any claim that Neely is not the alter ego of Rejoice or that he is not a proper party to the lawsuit. Counsel further acknowledged to the court that Neely, individually and as the alter ego of Rejoice, is a proper defendant in the case.

The order goes on to hold Doyle and Neely, individually and as the alter ego of Rejoice, liable for compensatory and punitive damages. The judgment against Doyle is for $350,000 in compensatory damages and $1.5 million in punitive damages, and the judgment against Neely is in the amounts of $500,000 for compensatory damages and $4 million for punitive damages. Neely appeals from the final order.

1. Neely claims that the amendment to the complaint did not properly add him as a party to the action and therefore the judgment against him must be set aside. But as noted in the trial court's final order, at the bench trial, Neely's attorney waived any such claim and in fact acknowledged that Neely is a proper defendant in the case. The record before us does not contain the transcript of the bench trial because Neely, in his notice of appeal, specifically requested that the transcript not be included in the record on appeal. "Absent a trial transcript, we must presume that the evidence considered by the trial court supported the finding made by the court."[1] Accordingly, we must presume that Neely, through his attorney, has admitted that he is a proper defendant in the case and has expressly waived any claim to the contrary. It is well established that one cannot complain of a judgment, order, or ruling that his own procedure or conduct procured or aided in causing, and thus Neely's claim is waived for purposes of appeal.[2]

2. Neely complains that the trial court erred in denying his attorney's oral motion to withdraw. As recited above, the trial court denied the motion because it did not comply with the mandates of Uniform Superior Court Rule 4.3, which requires, among other things, that the motion be submitted in writing. Again, absent a transcript of the trial, we must presume that the trial court acted

[1] (Citations omitted.) *Jones v. Smith*, 280 Ga. 872 (2) (632 SE2d 663) (2006).
[2] See *Dept. of Human Resources v. Phillips*, 268 Ga. 316, 320 (2) (486 SE2d 851) (1997).

properly in denying the request to withdraw as counsel.[3]
*Judgment affirmed. Barnes, C. J., and Phipps, J., concur.*

DECIDED APRIL 25, 2008.

*Michael M. Calabro*, for appellant.
*Capers, Dunbar, Sanders & Bruckner, Emory F. Sanders, Sr.*, for appellee.

---

[3] See *Tyson v. State*, 184 Ga. App. 309, 310 (1) (361 SE2d 386) (1987).