### A08A1822. GALTIERI v. O'DELL et al.
(673 SE2d 300)

BERNES, Judge.

In this custody dispute, Gennaro Salvatore Galtieri, Jr., the father of a minor child, challenges the trial court's award of custody to Cheryl O'Dell, the child's maternal grandmother. We granted the father's application for discretionary appeal to determine whether the trial court applied the correct legal standard in rendering its decision. Because the trial court's order failed to find that parental custody in Galtieri would harm the child, we vacate the grant of custody to O'Dell and remand this case to the trial court for consideration of the issues consistent with this opinion.

The factual findings made by the trial court are as follows. The minor child was born out of wedlock to Galtieri and the child's mother in October 2000. Since her birth, the child has lived in

Georgia with her mother and/or O'Dell and, for a short period of time, with her maternal aunt. Galtieri is a resident of and currently resides in Kentucky. Although he was under no court order to do so, Galtieri made sporadic payments of support for the child during this time.

The child's mother entered into a rehabilitation center in New York for alcohol treatment and relinquished custody of the child to O'Dell during her treatment. Galtieri then petitioned the court for legitimation and filed an emergency motion seeking custody of his daughter. The trial court granted Galtieri's legitimation petition in March 2007 and, by consent of the parties, O'Dell was permitted to join in the custody case as an intervening party.

Following a hearing, the trial court granted custody to O'Dell. In its order, the trial court stated that it "[was] impressed with the father and parents of the father," but nonetheless concluded that "from the personal experience of the court . . . it would be detrimental to the child to move from Georgia." The court made no other findings of fact relative to Galtieri's fitness as a parent or his relationship with the child.

Custody disputes between a biological parent and a third-party relative, in this case a maternal grandmother, are directly controlled by OCGA § 19-7-1 (b.1). That statute establishes a rebuttable presumption that it is in the best interest of the child to award custody to the parent of the child. Id. See *Clark v. Wade*, 273 Ga. 587, 590 (II) (544 SE2d 99) (2001). The following three presumptions are implicit in the statute: "(1) the parent is a fit person entitled to custody, (2) a fit parent acts in the best interest of his or her child, and (3) the child's best interest is to be in the custody of a parent." *Clark*, 273 Ga. at 593 (II). The presumption can nonetheless be overcome by the third-party relative showing, by clear and convincing evidence, that parental custody would harm the child. Id. at 598-599 (IV). Harm in this context has been defined by our Supreme Court as "either physical harm or significant, long-term emotional harm[, not] merely social or economic disadvantages." Id. at 598 (IV). Once the presumption has been overcome, the third-party relative must prove "that an award of custody to him or her will best promote the child's health, welfare, and happiness." Id. See OCGA § 19-7-1 (b.1).

In the present case, it is clear that the trial court failed to apply the proper legal analysis for determining whether custody should be awarded to O'Dell, the maternal grandmother, rather than Galtieri, the biological father. See OCGA § 19-7-1 (b.1); *Clark*, 273 Ga. at 598-599 (IV). The record does not contain a transcript of the evidentiary hearing, and the trial court's order failed to make any factual findings that Galtieri was unfit as a parent or that the child

may suffer physical or long-term emotional harm in the custody of her father, see *Clark*, 273 Ga. at 598-599 (IV); instead, the court emphasized that "[t]he court [was] impressed with the father." Moreover, the court's conclusory statement that, based upon its personal experience, "it would be detrimental to the child to move from Georgia," is insufficient to justify the denial of parental custody. See *Clark*, 254 Ga. at 598 (IV) ("[A] change in home and school will often be difficult for a child, but some level of stress and discomfort may be warranted when the goal is reunification of the child with the parent."); *Burke v. King*, 254 Ga. App. 351, 353 (562 SE2d 271) (2002). Rather, O'Dell must come forward with clear and convincing evidence that the move will cause physical or long-term emotional harm to the child under the specific circumstances of this case.

Because we believe that the trial court applied the incorrect legal standard when it placed custody of the child with O'Dell, we vacate the trial court's order and remand this case with direction that the trial court determine whether there is clear and convincing evidence that parental custody in Galtieri would harm the child, as that term has been defined in *Clark*, 273 Ga. at 598 (IV). If no harm is proven, custody should be granted to Galtieri. If harm is proven, then the court must also determine whether an award of custody to O'Dell would be in the child's best interest. Id.; OCGA § 19-7-1 (b.1). See *Grantham v. Grantham*, 269 Ga. 413, 414 (1) (499 SE2d 67) (1998); *Burke*, 254 Ga. App. at 354. Cf. *Davis v. Labrec*, 274 Ga. 5, 8 (549 SE2d 76) (2001).

*Judgment vacated and case remanded. Andrews, P. J., and Doyle, J., concur.*

DECIDED JANUARY 30, 2009.

*Phillips & Phillips, Pamela L. Coleman*, for appellant.
*Sara E. Roberts*, for appellees.