A12A0702. TROTTER v. AYRES et al.
(726 SE2d 424)

BARNES, Presiding Judge.

Kyung Trotter was divorced in 2006 in Virginia and, in 2009, she filed a petition in Georgia seeking to change custody of the child of that marriage from her ex-husband, Michael Ayres, Jr., to herself. The paternal grandparents, Michael Ayres, Sr. and Teresa Ayres, intervened as party defendants. In August 2011, after conducting a

two-day evidentiary hearing, the trial court entered a 26-page final order awarding the grandparents custody of the child, with the mother receiving visitation and parenting time.[1] Proceeding pro se, Trotter appeals from the trial court's final custody order. For the reasons discussed below, we affirm.

1. At the outset, we point out that Trotter's pro se brief violates Court of Appeals Rule 25 (a) (1) because many pages of the procedural and factual background section contain no "citation of such parts of the record or transcript essential to a consideration of the errors complained of." As we have explained, "[o]ur requirements as to the form of appellate briefs were created, not to provide an obstacle, but to aid parties in presenting their arguments in a manner most likely to be fully and efficiently comprehended by this Court." *Aldalassi v. Drummond*, 223 Ga. App. 192 (1) (477 SE2d 372) (1996). Nevertheless, in light of Trotter's pro se status, we will attempt to address the arguments insofar as possible despite the limitations of her brief. See *Finch v. Brown*, 216 Ga. App. 451, 452 (454 SE2d 807) (1995).

2. In several related enumerations of error, Trotter contends that the trial court applied the wrong legal standard for determining when a third party can be granted custody of a child over the biological parents. We disagree.

When this custody dispute arose in 2009, Trotter's child was not in her custody but rather was being raised by the paternal grandparents after having been abandoned by the father. The instant case thus is similar to *Clark v. Wade*, 273 Ga. 587, 588 (I) (544 SE2d 99) (2001) (plurality opinion), where a non-custodial parent filed an action seeking a change in custody, and the grandparents who were raising the child intervened. Consequently, we apply the legal standard enunciated by a plurality of the justices in *Clark*. See *Galtieri v. O'Dell*, 295 Ga. App. 797, 798 (673 SE2d 300) (2009). As we have explained, that legal standard is predicated upon OCGA § 19-7-1 (b.1), which governs custody disputes between a biological parent and a limited number of third parties who are related to the child, including grandparents.

> [OCGA § 19-7-1 (b.1)] establishes a rebuttable presumption that it is in the best interest of the child to award custody to the parent of the child. The following three presumptions are implicit in the statute: (1) the parent is a fit person entitled

[1] The trial court also ruled that the father had abandoned the child and awarded him no custody or visitation rights. The father has not appealed the trial court's order and is not a party to this appeal.

to custody, (2) a fit parent acts in the best interest of his or her child, and (3) the child's best interest is to be in the custody of a parent. The presumption can nonetheless be overcome by the third-party relative showing, by clear and convincing evidence, that parental custody would harm the child. Harm in this context has been defined . . . as either physical harm or significant, long-term emotional harm, not merely social or economic disadvantages. Once the presumption has been overcome, the third-party relative must prove that an award of custody to him or her will best promote the child's health, welfare, and happiness.

(Citations and punctuation omitted.) *Galtieri*, 295 Ga. App. at 798. See OCGA § 19-7-1 (b.1); *Clark*, 273 Ga. at 598-599 (IV). Thus, in applying the legal standard set forth in OCGA § 19-7-1 (b.1), the trial court need not determine that the parent seeking custody is unfit, only that the third-party relative has established by clear and convincing evidence that awarding custody to the parent would cause either physical harm or significant, long-term emotional harm to the child. See *Clark*, 273 Ga. at 593 (II), 598 (IV). If the third-party relative meets this burden, then the relative must show that an award of custody to him or her would best promote the child's health, welfare, and happiness. See id. at 598 (IV).

In its final custody order, the trial court found, based upon the testimony of the court-appointed custody evaluator, the child's guardian ad litem, and other witnesses, that clear and convincing evidence showed that the child's primary psychological bond was with her paternal grandparents because she had lived with them for substantial periods in her life from 2004 onward; that the child would suffer significant, long-term emotional harm if custody was returned to the mother; and that an award of custody to the grandparents would best promote the child's health, welfare, and happiness. Accordingly, the court found that the presumption in favor of granting custody to the mother had been rebutted by clear and convincing evidence and that the child's best interests would be better served by awarding custody to the paternal grandparents. Therefore, the trial court's final custody order reflects that the court applied the correct legal standard.[2]

---

[2] To the extent that Trotter argues that the legal standard prescribed in OCGA § 19-7-1 (b.1) is unconstitutional, the Supreme Court of Georgia has held otherwise, see *Clark*, 273 Ga. at 599 (V), and this court is "constitutionally bound by the decisions of our own Supreme Court." *Williamson v. Ward*, 192 Ga. App. 857, 858 (1) (386 SE2d 727) (1989). See Ga. Const. of 1983, Art. VI, Sec. VI, Par. VI.

3. Trotter enumerates several additional errors, including sufficiency of the evidence, that would require this court to review the transcript of the evidentiary hearing conducted by the trial court on the custody issue. But Trotter stated in her amended notice of appeal that no transcript would be filed for inclusion in the appellate record, and no statutorily authorized substitute for the transcript has been submitted. Because the transcript of the evidentiary hearing is not part of the record, we must presume that the trial court's ruling was correct and affirm. See *Charlot v. Goldwire*, 310 Ga. App. 463, 465 (2) (713 SE2d 667) (2011); *Roberts v. Windsor Credit Svcs.*, 301 Ga. App. 393, 396 (2) (687 SE2d 647) (2009).

4. Trotter also argues that the trial court erred in granting the guardian ad litem's request that a custody evaluation be performed. However, Uniform Superior Court Rule 24.9 (8) (a) authorizes a guardian ad litem to request that the trial court order the parties to undergo a custody evaluation performed by a mental health expert approved by the court. Furthermore, we have held that a trial court has discretionary power to compel the family in a custody dispute to submit to a psychological custody evaluation. See *Gottschalk v. Gottschalk*, 311 Ga. App. 304, 310 (1) (715 SE2d 715) (2011); *Rowe v. Rowe*, 195 Ga. App. 493, 496 (5) (393 SE2d 750) (1990). See also OCGA § 19-9-3 (a) (7). Thus, Trotter's argument is unpersuasive.

5. Trotter further contends that the court-appointed custody evaluator failed to timely provide her with a written report of the evaluation and should not have been permitted to testify at the evidentiary hearing by way of deposition. "The burden is on the appellant to show both harm and error affirmatively by the record." *In the Interest of B. B. S.*, 253 Ga. App. 119, 120 (3) (558 SE2d 447) (2001). There is nothing in the record before us to show that Trotter was harmed by these alleged errors relating to the custody evaluator. Accordingly, Trotter has failed to carry her burden of showing that appellate relief is warranted in this case.

6. Contrary to Trotter's assertion, the trial court did not err in permitting the grandparents to intervene in response to her petition seeking a change in custody. See OCGA §§ 9-11-24 (a) (2); 19-7-1 (b.1).

7. Trotter claims that the trial court erred by not ruling on her motion to dismiss the grandparents' motion to intervene. Yet, the record shows that the trial court expressly denied Trotter's motion to dismiss in a footnote contained in its final custody order. In the footnote, the trial court explained that it was denying Trotter's motion on the ground that the grandparents "proffered sufficient evidence for the matter to go forward" and that "the case would not have been properly decided as a matter of law," as well as "for all of the same reasons contained" in the final custody order. Notwithstanding

Trotter's claim to the contrary, the trial court clearly reviewed and ruled on her motion to dismiss, and Trotter has failed to demonstrate that the court's ruling on the motion was erroneous.

*Judgment affirmed. Adams and McFadden, JJ., concur.*

DECIDED MARCH 5, 2012 —
RECONSIDERATION DENIED MARCH 20, 2012 — 

Kyung Trotter, *pro se.*
Debbie C. Pelerose, for appellees.