**THIRD DIVISION**
**ANDREWS, P. J.,**
**DILLARD and MCMILLIAN, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules/

**July 15, 2013**

# In the Court of Appeals of Georgia

A13A0335. GILCHRIST v. GILCHRIST.

McMILLIAN, Judge.

Appellant Addrenna Gilchrist and Appellee DeJuan Gilchrist were divorced on June 17, 2008. The divorce decree incorporated by reference a parenting plan. Under that plan, the parties share joint legal custody, with Addrenna named as primary physical custodian, while DeJuan is allowed visitation, including every other weekend. On July 2, 2012, Addrenna, acting pro se, filed an "Amended Motion to Modify Parenting Plan," seeking to increase DeJuan's visitation schedule to two days per week (and thereby decrease her time with her child). The trial court heard the motion on September 5, 2012, and denied it by written order the next day, finding that: "Father is working as a firefighter and has a constantly changing schedule. While Father expressed that he does want more time with the parties' minor child, his

current schedule does not allow it. Father did not consent to the adjustment that Mother asked for and the court is unaware of any precedent that requires Father to increase his visitation days when he cannot even conform to the current parenting plan due to his work schedule." Addrenna now appeals the denial of her motion to modify the parenting plan.

1. Although Addrenna's notice of appeal designates a record consisting of the appellate records from three prior appeals before the Supreme Court of Georgia, plus the original parenting plan, her amended motion to modify the parenting plan, and the order denying her motion to modify the parenting plan, the notice of appeal also recites that no transcript of the proceedings will be filed as the argument on appeal is "one of law." And no transcript from the September 5, 2012 hearing has been filed.

It is well settled that in the absence of a transcript or stipulation of evidence pursuant to OCGA § 5-6-41 (g), we must presume that the evidence supports the trial court's factual findings and affirm. *Jones v. Smith*, 280 Ga. 872, 872 (1) (632 SE2d 663) (2006). See also *Hadden v. Hadden*, 283 Ga. 424, 424 (1) (659 SE2d 353) (2008) ("Although the record discloses some evidence that was placed before the trial court, in the absence of transcripts that would detail what was presented in the hearings, this Court assumes that the evidence adduced therein was sufficient to

support the trial court's findings.") (citation omitted.); *Trotter v. Ayres*, 315 Ga. App. 7, 10 (3) (726 SE2d 424) (2012) (where sufficiency of the evidence is raised in a custody issue and no transcript from evidentiary hearing or statutory substitute is filed, it must be presumed that the trial court's ruling was correct).

Addrenna's contention that the trial court was required to adopt her modified parenting plan in light of DeJuan's failure to file a competing parenting plan is without merit. Although OCGA § 19-9-1 (a) provides that where the custody of any child is at issue between the parents, each parent shall prepare a parenting plan or the parties may jointly submit a parenting plan, the failure by one party to file a parenting plan does not compel adoption of the plan submitted by the opposing party. *Moore v. Moore-McKinney*, 297 Ga. App. 703, 710 (3) (678 SE2d 152) (2009). As with the other issues arising from the denial of the motion to amend the parenting plan, due to the absence of a transcript, the record on appeal contains no evidence supporting Addrenna's contention that the trial court abused its discretion in refusing to accept her proposed amended parenting plan. Accordingly, we find no error in the trial court's denial of the motion to amend the parenting plan.

2. Addrenna's remaining contentions share a common defect. Relying on OCGA § 5-6-34 (d), Addrenna seeks review of multiple orders contested in three

3

previous appeals to our Supreme Court,[1] which records Addrenna designated for inclusion in the present appellate record. OCGA § 5-6-34 (d) provides, in part, that

> "[w]here an appeal is taken under any provision of subsection (a), (b), or (c) of this Code section, all judgments, rulings, or orders rendered in the case which are raised on appeal and which may affect the proceedings below shall be reviewed and determined by the appellate court, without regard to the appealability of the judgment, ruling, or order standing alone and without regard to whether the judgment, ruling, or order appealed from was final or was appealable by some other express provision of law contained in this Code section, or elsewhere."

Nonetheless, Addrenna's claims are equally subject to another fundamental principle – that a litigant does not get a second (or in this case, third or fourth) chance to appeal the same order. See OCGA § 9-11-60 (h) ("any ruling by the Supreme Court or Court of Appeals in a case shall be binding in all subsequent proceedings in the case in the lower court and in the Supreme Court or Court of Appeals as the case may be."); *Sherman v. Atlanta Independent School System*, ___Ga. ___, (Case No. S13A0333, decided June 3, 2013); *Houston County v. Harrell*, 287 Ga. 162 (695 SE2d 29) (2010). See also *Paradise v. State*, ___Ga. App. ___ (740 SE2d 238) (Case

---

[1] All of these previous appeals relate to the 2008 divorce and proceedings after the divorce.

No. A12A1892, decided March 19, 2013) (even where previous appeal did not reach the merits of claim, a dismissal provides binding law of the case); *Adams v. State*, 316 Ga. App. 161, 162 (1), n.5 (728 SE2d 711) (2012) (appellant precluded from relitigating issue decided on prior appeal); *Rice v. Lost Mountain Homeowners Association, Inc.* 288 Ga. App. 714, 714 (1), n.4 (655 SE2d 214) (2007) (final order affirmed by appellate court constitutes law of the case). Therefore, regardless of whether Addrenna's prior appeals resulted in adverse decisions or were dismissed with no ruling on the merits, she has had the single appeal allowed and may not use procedural maneuvers to contrive further appeals.

Because Addrenna may not relitigate the same issues that were raised in the prior appeals before the Supreme Court of Georgia, we find that these enumerations of error present no issue for decision in this appeal.

*Judgment affirmed. Andrews, P. J., and Dillard, J., concur.*