**THIRD DIVISION**
**DILLARD, P. J.,**
**GOBEIL and HODGES, JJ.**

**NOTICE: Motions for reconsideration must be**
***physically received*** **in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**October 9, 2019**

# In the Court of Appeals of Georgia

A19A1413. STEEDLEY v. GILBRETH.

HODGES, Judge.

In this custody dispute, Laura Steedley, the mother of five-year-old C. B. G., appeals a Clinch County Superior Court order awarding custody of the minor child to his maternal grandmother, Diane Gilbreth. The mother contends the trial court erred in (1) awarding custody without making findings of fact, (2) failing to afford the mother the statutory presumptions regarding fitness and the best interest of the child, (3) awarding custody based on insufficient evidence, and (4) denying her motion to transfer venue to Lowndes County. For the reasons that follow, we vacate the trial court's order and remand for reconsideration consistent with this opinion.

The record shows that C. B. G. was born out of wedlock, and the father has not legitimated or had any contact with him. C. B. G. and the mother lived with the

grandmother for a number of years until the mother moved out to live with her husband, at which point the grandmother still provided day care for the child. On May 5, 2018, when C. B. G. was three years old, the grandmother took him from his mother's house because he told the grandmother his mother and step-father "were mean to him." His parents purportedly "hollered at him and they whipped him" and "he was terribly unhappy." The grandmother refused to give C. B. G. back to the mother. On June 18, 2018, the mother drove to the grandmother's house to pick up C. B. G, an altercation ensued, and the grandmother reported the mother as the aggressor.

The following day, the grandmother filed a petition for custody, obtained an emergency, ex parte temporary order of custody, and, with the help of the sheriff's department, took the child back from the mother. This order did not contain any findings of fact or details regarding the custody award. The mother attempted to appeal the order, but we dismissed the appeal because it was untimely. *Steedley v. Gilbreth*, Case No. A19A0327 (dismissed Oct. 4, 2018). The judge who issued the emergency order subsequently disqualified himself, and a senior judge was appointed to preside over the case. Following an evidentiary hearing, the senior judge issued a

December 31, 2018 temporary order continuing custody with the grandmother. The mother timely appeals from this order.

Custody disputes between a parent and close third-party relatives, including grandparents, are governed by OCGA § 19-7-1 (b.1). This statute mandates as follows:

> Notwithstanding subsections (a) and (b) of this Code section or any other law to the contrary, in any action involving the custody of a child between the parents or either parent and a third party limited to grandparent, great-grandparent, aunt, uncle, great aunt, great uncle, sibling, or adoptive parent, parental power may be lost by the parent, parents, or any other person if the court hearing the issue of custody, in the exercise of its sound discretion and taking into consideration all the circumstances of the case, determines that an award of custody to such third party is for the best interest of the child or children and will best promote their welfare and happiness. There shall be a rebuttable presumption that it is in the best interest of the child or children for custody to be awarded to the parent or parents of such child or children, but this presumption may be overcome by a showing that an award of custody to such third party is in the best interest of the child or children. The sole issue for determination in any such case shall be what is in the best interest of the child or children.

The following three presumptions are implicit in the statute: "(1) the parent is a fit person entitled to custody, (2) a fit parent acts in the best interest of his or her child, and (3) the child's best interest is to be in the custody of a parent." *Clark v. Wade*,

273 Ga. 587, 593 (II) (544 SE2d 99) (2001); *Jewell v. McGinnis*, 346 Ga. App. 733, 736 (1) (816 SE2d 683) (2018).

To overcome the statutory presumption in favor of parental custody, the close third-party relative "must prove by clear and convincing evidence that the child will suffer physical or emotional harm if custody were awarded to the biological parent." *Clark*, 273 Ga. at 599 (V). Harm is defined as "either physical harm or significant, long-term emotional harm; . . . [not] merely social or economic disadvantages." Id. at 598 (IV). In considering the issues of harm and custody, trial courts should examine a variety of factors, including

> (1) who are the past and present caretakers of the child; (2) with whom has the child formed psychological bonds and how strong are those bonds; (3) have the competing parties evidenced interest in, and contact with, the child over time; and (4) does the child have unique medical or psychological needs that one party is better able to meet.

(Citations omitted.) Id. at 598-599 (IV). According to the Supreme Court, "[a]n analysis of these factors, keeping in mind the statutory presumption of parental custody, will enable courts to award custody to a third-party relative only when a real threat of harm would result from parental custody." Id. at 599 (IV).

Once the close third-party relative has established by clear and convincing evidence that parental custody would result in harm, this relative must then show

4

"that an award of custody to him or her will best promote the child's health, welfare, and happiness." *Clark*, 273 Ga. at 598 (IV); see OCGA § 19-7-1 (b.1). When reviewing cases concerning parents and their children, we must also keep in mind that

> there is no judicial determination which has more drastic significance than that of permanently severing a natural parent-child relationship. It must be scrutinized deliberately and exercised most cautiously. The right to raise one's children is a fiercely guarded right in our society and law, and a right that should be infringed upon only under the most compelling circumstances.

(Citation omitted.) *In the Interest of J. G.*, 350 Ga. App. 588, 589 (829 SE2d 828) (2019).

With these principles in mind, we turn to the mother's arguments.

1. In two related enumerations of error, the mother contends that (a) the trial court's award of custody to the grandmother was not supported by clear and convincing evidence that C. B. G. would suffer physical or significant, long-term emotional harm if he remained in his mother's custody, (b) the trial court failed to consider whether a grant of custody to the grandmother was in C. B. G.'s best interest, and (c) the trial court failed to include in its order the factual findings

5

required under OCGA § 19-7-1 (b.1).[1] We find that the trial court's order did not set forth adequate findings of fact to permit meaningful appellate review.

The temporary order at issue in this case awards physical custody of the child to the grandmother without making any findings of fact or law to support its award. The order lists only two reasons for continued custody with the grandmother: "[T]he Court does not believe that [the mother] can provide a stable environment for the minor child at this time and is concerned about the minor child's behaviors during previous visitations with [the mother.]" There is no indication in the trial court's order that the court, in making its custody determination, considered the factors or analysis required by *Clark*. Indeed, the order does not specify that the mother is an unfit parent, that the child will suffer either physical harm or significant, long-term emotional harm if custody were awarded to the mother, that the custody award is in the best interest of the child, or that the court's findings were made under the required clear and convincing evidence standard. See *Clark*, 273 Ga. at 593 (II), 598-599 (IV,V); see also *Jewell*, 346 Ga. App. at 736 (1) ("A trial court's preference that custody of a child remain with someone other than her natural parents is wholly

---

[1] "For convenience of discussion, we have taken the enumerated errors out of the order in which [the mother] has listed them. . . ." *Foster v. Morrison*, 177 Ga. App. 250 (1) (339 SE2d 307) (1985).

without consequence, where the court lacks clear and convincing evidence to support that decision.") (citation and punctuation omitted). In addition, "[t]he transcript of the hearing reveals that the trial court did not make any such findings orally at the time of the hearing." *Jewell v. McGinnis*, 333 Ga. App. 108, 111 (3) (775 SE2d 539) (2015). Without these necessary factual findings, we cannot properly evaluate whether an award of custody to the grandmother was proper.

The grandmother argues that the mother waived her right to object to the trial court's omission of findings of fact and conclusions of law because she consented to the form of the order. The grandmother cites an email in which the mother's attorney states:

> You may submit the order to Judge Crosby without objections as to form. If you have not submitted it by the end of business today, I will send your revised order to the judge as as we need an order on file.
>
> I provided a second order that addressed the various procedural issues the judge decided. Have you had an opportunity to review?

However, the email does not reference any particular order (including the one signed by the trial court), the trial court's signed order does not indicate that it was prepared or submitted by any party, and there is no order in the record regarding the procedural issues referenced by the mother's attorney. Based on the evidence in the record, we

cannot find that the mother waived her right to object to the form of the order. Compare *Cooper v. Coulter*, 335 Ga. App. 827, 830 (3) (783 SE2d 350) (2016) (father precluded from arguing that custody order failed to include findings of fact and conclusions of law because he approved the form of the trial court's final order).

This Court has repeatedly vacated and remanded custody cases involving parents and close third-party relatives when it is unclear from the trial court's order whether the court properly applied the analysis and considered the factors required by *Clark*. See *In the Interest of J. G.*, 350 Ga. App. at 595 (3) (vacating and remanding where court's order failed to consider the relevant factors in *Clark* and "made *no* explicit findings" indicating the grandmother presented evidence showing harm to the child or the best interest of the child) (emphasis in original); *Floyd v. Gibson*, 337 Ga. App. 474, 479 (1) (788 SE2d 84) (2016) (vacating and remanding the case for reconsideration a second time because it was unclear that the trial court conducted the requisite substantive analysis of the *Clark* factors supported by findings of fact, noting that "[w]e cannot apply the appropriate deferential standard of review to the trial court's findings of fact when it is entirely unclear that the trial court even made any such findings, or where it failed to base its findings, to the extent any were made, on contemporaneous evidence"); *Galtieri v. O'Dell*, 295 Ga. App.

797, 798-799 (673 SE2d 300) (2009) (vacating and remanding case, in pertinent part, because "the trial court's order failed to make any factual findings that [the father] was unfit as a parent or that the child may suffer physical or long-term emotional harm in the custody of her father"). Accordingly, we vacate the trial court's order and remand the case for reconsideration consistent with this opinion.

Because it has been nearly a year since the evidentiary hearing in this case, "we leave it for the [superior] court to consider any additional, more recent evidence that may be available regarding the best interest of [C. B. G.], with that consideration to include the factors set forth by the Supreme Court in *Clark*." *In the Interest of K. M.*, 344 Ga. App. 838, 847-848 (2) (811 SE2d 505) (2018). In addition, if the trial court again awards temporary custody to the grandmother, the court is directed to "enter an order sufficient to provide this Court with an adequate basis for review." Id. at 848 (2).

2. The mother next claims the trial court erred by improperly placing the burden of proof on her. Indeed, prior to hearing evidence on the custody issue, the trial judge stated,

> I didn't sign [the ex parte ] order. I didn't grant custody, but I'm sure that surely, I mean, you presented -- it had to be some pretty strong evidence for him to do that.

9

Implicit in the trial court's comment to the parties is that the court believed sufficient evidence existed to award custody to the grandmother, and the comment intimates that the court might rely on prior evidence presented during the ex parte presentation. Such an inference would alter the proper burden of proof when a grandparent seeks custody from a parent.

This inference is exacerbated by the silent order that "fails to consider the relevant factors" and appropriate standards delineated in *Clark*, fails to "show that the grandmother rebutted the presumption in favor of granting custody to the [mother,]" and fails to show that "the child's best interests would be better served by awarding custody to the [grandmother]." *In the Interest of J. G.*, 350 Ga. App. at 595 (3). Because it is not apparent whether the trial court utilized the proper standard in this case, we take this opportunity to remind the trial court that, upon remand, it should apply the analysis, presumptions, and burdens required by OCGA § 19-7-1 (b.1) and *Clark*.

> Under that standard, to overcome the presumption that it is in [C. B. G.'s] best interest to award custody to his mother, the [grandmother was] required to show by clear and convincing evidence that [C. B. G.] will suffer either physical harm or significant, long-term emotional harm if custody were awarded to the mother.

10

*Morgan v. Morgan*, 349 Ga. App. 886, 888 (2) (827 SE2d 73) (2019). "If no harm is proven, custody should be granted to [the mother]. If harm is proven, then the court must also determine whether an award of custody to [the grandmother] would be in the child's best interest." (Citations omitted.) *Galtieri*, 295 Ga. App. at 799.

3. Steedly argues in her final enumeration that the Clinch County trial court erred in denying her motion to transfer venue to Lowndes County. The appeal is premature with respect to this argument because it does not appear that a written order denying the motion has been entered by the trial court.

Pursuant to OCGA § 19-9-23 and Article VI, Section II, Paragraph VI of the Constitution of this State, a complaint seeking a change of legal custody or physical custody of a child shall be tried in the county where the defendant resides. At the hearing on the grandmother's petition for temporary custody,[2] the mother testified that she resided in Lowndes County when the grandmother served her with the custody petition. She points to the sheriff's entry of service, which indicates the

---

[2] The record in this case shows that on September 10, 2018, the mother filed a motion to transfer venue to Lowndes County. The trial court initially granted the motion, but later set aside the "erroneously entered" order to transfer, and the motion was heard by the appointed senior judge at the evidentiary hearing.

11

mother was served on June 18, 2018 at a Valdosta address, which is in Lowndes County. According to the mother, on June 1, 2018, she moved in with a friend in Lowndes County and starting paying rent after her husband kicked her out of their home in Clinch County. In fact, the mother filed a change of address with the post office on June 6, 2018. The address listed on the post office form was in Lowndes County. The grandmother argued that the mother failed to timely answer the complaint, thus admitting she was a resident of Clinch County and making venue proper in that county. She also asserted that the mother lived in a number of places and counties after leaving her husband's home, and often used her husband's address in Clinch County on various forms, such as her children's Medicaid and school enrollment.

After hearing the testimony, the trial judge orally denied the mother's motion:

I think the case law would provide that even if I moved it to Lowndes County, find venue in Lowndes County, that I'd still keep the case. . . . I don't think it makes any difference, to tell you the truth, . . . regardless of how I rule, unless I voluntarily step out of the case, I'm going to remain in the case, you know. . . . And I'll have to say it's not -- I can see it's not going to be an easy issue to resolve because of what's developed, so I'm going to overrule your motion for change of venue, leave it here in Clinch County.

In an email the mother mentioned submitting a proposed order to the senior judge addressing the procedural issues the judge had decided, but the record on appeal does not contain such an order, and the trial judge did not include his venue ruling in the written temporary order.

"[I]t is elementary that an oral order is not final nor appealable until and unless it is reduced to writing, signed by the judge, and filed with the clerk." (Citation and punctuation omitted.) *Smith v. State*, 242 Ga. App. 459 (530 SE2d 223) (2000); OCGA § 5-6-31 ("The filing with the clerk of a judgment, signed by the judge, constitutes the entry of a judgment within the meaning of this article."). "[W]hat the judge orally declares is no judgment until it has been put in writing and entered as such[.]" (Punctuation omitted.) *Boynton v. Reeves*, 226 Ga. 202, 203 (173 SE2d 702) (1970). Without a written order denying the mother's motion to transfer venue to Lowndes County, the appeal is premature, and we lack ability to rule on this enumerated error.

For the foregoing reasons, we vacate the superior court's order and remand the case for further proceedings consistent with this opinion.

*Judgment vacated and case remanded with direction. Dillard, P. J., and Gobeil, J., concur.*

13