# Court of Appeals
# of the State of Georgia

ATLANTA,  February 03, 2025

*The Court of Appeals hereby passes the following order:*

## A24A1514. DWAYNE WILSON v. IVY MILL PLANTATION HOMEOWNERS ASSOCIATION, INC.

In this dispute between a homeowner and his homeowners' association, the homeowner appeals from the trial court's order dismissing his challenge to the association's right to foreclose on his property. Because the association's right to foreclose was raised and resolved adversely to the homeowner in a prior appeal, we dismiss the instant appeal under the law-of-the-case rule. In addition, because this appeal was filed for the sole purpose of delay, we impose frivolous appeal penalties against the homeowner and his counsel.

The facts of this case are taken from this Court's unpublished opinion in the prior appeal, Case No. A22A0876. Ivy Mill Plantation Homeowners Association, Inc. ("the HOA"), obtained a money judgment against Dwayne Wilson in 2012 for unpaid HOA dues, late fees, interest, costs, and attorney fees. Wilson continued to own the property, and so sums continued to accrue after the 2012 judgment was entered. In 2021, the HOA filed a new lawsuit against Wilson wherein it sought to revive the dormant 2012 judgment, sought to collect additional sums accrued since the time of the 2012 judgment, and sought an equitable foreclosure of Wilson's property. The HOA argued that the Declaration of Private Covenants for the Ivy Mill Plantation Subdivision authorized the HOA to foreclose any lien it obtained on Wilson's property. Following Wilson's answer, the HOA moved for partial summary judgment on its claims for a money judgment and equitable foreclosure. The trial court issued

an order granting the HOA's motion, and Wilson appealed.[1]

On appeal, Wilson argued that the trial court erred in granting the HOA summary judgment on its claim for equitable foreclosure because his mortgage lender held a security deed on his property. This Court affirmed the trial court's order, concluding that Wilson failed to meet his burden to demonstrate that the trial court erred by permitting equitable foreclosure. This Court acknowledged the "general rule" that typically a lien holder cannot foreclose upon its lien without first paying off the debt secured by the security deed pursuant to OCGA § 9-13-60, but explained that there was an exception to this general rule when

> peculiar facts are shown, involving established equitable principles, such as would render the remedy at law under the statute inadequate, and would authorize a grant of the equitable relief prayed. Financial inability of the judgment creditor to pay an outstanding and prior lien created by a security deed, and that the judgment debtor has no other property subject to levy and sale, are such peculiar facts as will authorize a relaxation of the general rule and the granting of equitable relief.

See *Hampton v. Gwinnett Bank & Trust Co.*, 251 Ga. 181, 182 (304 SE2d 63) (1983). The HOA argued that the case presented the "peculiar facts" permitting equitable foreclosure because it had been unable to collect the money judgment it obtained in 2012 for many years and because it did not have the assets to satisfy the debt secured by the security deed. This Court explained that although it was incumbent upon Wilson to present evidence in the trial court and to argue, both in the trial court and on appeal, why the case did not present the peculiar facts that allowed the HOA to foreclose its lien without first satisfying the secured debt, "Wilson ha[d] not addressed [the HOA's] argument whatsoever either in the trial court or on appeal." See *Tahamtan v. Sawnee Elec. Membership Corp.*, 228 Ga. App. 485 (491 SE2d 918)

---

[1] The trial court entered a separate order reviving the dormant judgment.

(1997) ("It is well established that the burden is on the party alleging error to show it affirmatively by the record.") (citation omitted). Accordingly, this Court upheld the trial court's ruling permitting equitable foreclosure. The Supreme Court of Georgia subsequently denied Wilson's petition for certiorari.

Remittitur was filed in the trial court on November 30, 2022.  Apparently, the HOA arranged for a judicial foreclosure sale of Wilson's property to occur on December 5, 2023. On November 9, 2023, Wilson filed an affidavit of illegality in which he reiterated his argument that the HOA could not foreclose because his mortgage lender held a security deed on his property. The HOA filed a motion to dismiss the affidavit of illegality, which the trial court granted.

1. Wilson then filed the instant appeal, in which he yet again reiterates his argument that the HOA may not foreclose on his property in light of the security deed held by his mortgage lender. The HOA has filed a motion to dismiss the appeal on the basis that its right to foreclose was raised and resolved adversely to Wilson in the prior appeal. We agree and therefore grant the motion to dismiss.

"It is well established that any issue that was raised and resolved in an earlier appeal is the law of the case and is binding on this Court." (Citation omitted.) *Paradise v. State*, 321 Ga. App. 371, 373 (740 SE2d 238) (2013); see also *Gilchrist v. Gilchrist*, 323 Ga. App. 555, 557 (2) (747 SE2d 75) (2013) (noting the "fundamental principle that a litigant does not get a second . . . chance to appeal the same order") (punctuation omitted). "[A]ny ruling by the Supreme Court or the Court of Appeals in a case shall be binding in all subsequent proceedings in that case in the lower court and in the Supreme Court or the Court of Appeals as the case may be." OCGA § 9-11-60 (h). Here, because the issue of the HOA's right to foreclose on Wilson's property was raised and resolved adversely to him in the prior appeal, he cannot raise the issue again, and we dismiss this appeal as barred by the law of the case. See *Gilchrist*, supra, 323 Ga. App. at 557 (2) ("Because [the appellant] may not relitigate the same issues that were raised in the prior appeals before the Supreme Court of Georgia, we find that these enumerations of error present no issue for decision in this appeal.");

*Paradise*, supra, 321 Ga. App. at 373 ("Because [the appellant] cannot re-litigate here the same issues that were dismissed in his prior appeals, these claims will not be considered.") (citation omitted).

2. The HOA has filed a motion for sanctions against Wilson and his counsel, Clifford Hardwick IV, arguing that they had no reasonable basis to anticipate reversal of the trial court's order and that they filed this appeal for the sole purpose of delay.[2] We agree and therefore grant the motion for sanctions. Under these circumstances, where this Court previously upheld the HOA's right to foreclose on Wilson's property and specifically rejected his argument regarding the effect of the security deed held by his mortgage lender, there is no reasonable basis on which Wilson and Hardwick could have anticipated reversal of the trial court's dismissal of the affidavit of illegality, and we can only conclude that the appeal was filed for the sole purpose of delaying the foreclosure. See *Trevino v. Flanders*, 231 Ga. App. 782, 783 (2) (501 SE2d 13) (1998) ("We have repeatedly held that a penalty for a frivolous appeal may be assessed in cases where the appellant could have no reasonable basis for anticipating reversal of the trial court's judgment."); see also *Vaughn v. Roberts*, 282 Ga. App. 840, 841 (640 SE2d 293) (2006) ("An appeal is frivolous if it is filed only to delay the enforcement of the trial court's judgment. Delay can be assumed where an appeal lacks merit. If an appellant knew or should have known that an appeal was ill-founded, sanctions should issue.") (citations and punctuation omitted).

Accordingly, we impose frivolous filing penalties under Court of Appeals Rule 7 (e) (2) in the maximum amount of $2,500 against Wilson and $2,500 against Hardwick, for the filing of this frivolous appeal. The trial court is directed to enter a $5,000 judgment in favor of the HOA in the form of a $2,500 penalty against Wilson

---

[2] In Case No. A24D0404, this Court found Hardwick in contempt based on the fact that he repeatedly made false representations in this Court, and we revoked his permission to practice law before this Court and referred the matter to the Disciplinary Board of the State Bar of Georgia on August 28, 2024. This Court permitted Hardwick to continue his representation in cases that were pending in this Court, including the instant appeal.

and a $2,500 penalty against Hardwick. See *Trevino*, supra, 231 Ga. App. at 783 (2); *Mitchell v. Wyatt*, 192 Ga. App. 127, 129 (2) (384 SE2d 227) (1989). The imposition of this penalty constitutes a money judgment that may be collected in the trial court as are other money judgments. See Court of Appeals Rule 7 (e) (3).



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,* 02/03/2025

    *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

    *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ , Clerk.