# Court of Appeals
# of the State of Georgia

ATLANTA,  March 04, 2025

*The Court of Appeals hereby passes the following order:*

## A25D0245. GIRISH MODI v. INDIA AMERICAN CULTURAL ASSOCIATION.

Girish Modi, proceeding pro se, filed a complaint against the India American Cultural Association, Inc. ("IACA"). On July 27, 2022, the trial court entered an order dismissing Modi's complaint for failure to state a claim, granting summary judgment to IACA, and awarding attorney fees to IACA under OCGA § 9-15-14 in the amount of $65,000. Modi appealed, and this Court affirmed the dismissal of his complaint and the grant of summary judgment, but remanded the portion of the appeal involving the award of attorney fees to the trial court to enter a stay pending the resolution of Modi's bankruptcy proceedings. See *Modi v. India-Am. Cultural Assn., Inc.*, 367 Ga. App. 572 (886 SE2d 378) (2023). After the bankruptcy stay was lifted, Modi again appealed, and this Court vacated the trial court's award of attorney fees and remanded the case for further factfinding. See *Modi v. India-Am. Cultural Assn.*, 370 Ga. App. 458 (897 SE2d 86) (2024) ("*Modi II*").

Upon remittitur of the case to the trial court, Modi filed several motions, including a motion to set aside or vacate the July 27, 2022 judgment. On December 19, 2024, the trial court entered an order denying all of Modi's motions, and he filed a discretionary application. Because the trial court has not yet ruled on the attorney fees pursuant to *Modi II*, we dismissed the application because Modi had failed to comply with the interlocutory appeal procedure. See Case No. A25D0180 (Jan. 8, 2025).

Thereafter, Modi filed yet another motion to set aside the 2022 judgment,

which the trial court denied on February 6, 2025. He has filed a discretionary application from that order. We lack jurisdiction.

As noted in our previous order in Case No. A25D0180, and as admitted by Modi in the instant application, the attorney fee issue still remains pending in the trial court. Modi was thus required to comply with the interlocutory appeal procedures to appeal the February 6, 2025 order, including obtaining a certificate of immediate review. See OCGA § 5-6-34 (b); *Bailey v. Bailey*, 266 Ga. 832, 833 (471 SE2d 213) (1996) ("The discretionary appeal statute does not excuse a party seeking appellate review of an interlocutory order from complying with the additional requirements of OCGA § 5-6-34 (b)."); accord *Scruggs v. Ga. Dept. of Human Resources*, 261 Ga. 587, 588-589 (1) (408 SE2d 103) (1991).

Further, any challenge to the merits of the July 22, 2022 judgment is barred by the law of the case doctrine. "It is well established that any issue that was raised and resolved in an earlier appeal is the law of the case and is binding on this Court[.]" *Paradise v. State*, 321 Ga. App. 371, 373 (740 SE2d 238) (2013) (punctuation omitted); see also *Gilchrist v. Gilchrist*, 323 Ga. App. 555, 557 (2) (747 SE2d 75) (2013) (noting the "fundamental principle that a litigant does not get a second . . . chance to appeal the same order") (punctuation omitted). "[A]ny ruling by the Supreme Court or the Court of Appeals in a case shall be binding in all subsequent proceedings in that case in the lower court and in the Supreme Court or the Court of Appeals as the case may be." OCGA § 9-11- 60 (h). Here, as we held in *Modi II*, "the only thing [that remains] is the award of attorney fees to IACA. As stated, this Court affirmed the [July 22, 2022] dismissal, and it is the law of the case." *Modi II*, 370 Ga. App. at 460 (1).

Going forward, we advise Modi to determine the proper appellate procedures before taking any additional appeals, and warn him that any abuse of such procedures may subject him to sanctions. See Court of Appeals Rule (7) (e) (2). As explained above, all that remains is the attorney fee issue.

For these reasons, this application is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
   *Clerk's Office, Atlanta,__03/04/2025_____*

   *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

   *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ *, Clerk.*