# Court of Appeals
# of the State of Georgia

ATLANTA, May 28, 2025

*The Court of Appeals hereby passes the following order:*

## A25D0400. ANTOINETTE MARQUES v. JP MORGAN CHASE BANK N.A. et al.

This is plaintiff Antoinette Marques's latest appearance before this Court in this civil action.[1] In March 2024, following a bench trial, the trial court entered a final judgment in favor of defendant JP Morgan Chase Bank N.A. ("Chase") and against Marques on her claim for wrongful foreclosure. Marques filed a motion to set aside the judgment, which the trial court denied. Marques then filed a direct appeal, and we affirmed in an unpublished opinion under Court of Appeals Rule 36. See Case No. A24A1538 (decided Mar. 5, 2025). Upon remittitur, Marques filed another motion to set aside the trial court's judgment, which the trial court dismissed. This application for discretionary appeal followed. We lack jurisdiction.

Our affirmance of the trial court's judgment in favor of Chase in Case No. A24A1538 renders the instant application for appeal barred by the law of the case doctrine. "It is well established that any issue that was raised and resolved in an earlier appeal is the law of the case and is binding on this Court[.]" *Paradise v. State*, 321 Ga. App. 371, 373 (740 SE2d 238) (2013) (citation and punctuation omitted); see also *Gilchrist v. Gilchrist*, 323 Ga. App. 555, 557 (2) (747 SE2d 75) (2013) (noting the "fundamental principle that a litigant does not get a second . . . chance to appeal the

---

[1] In *Marques v. JP Morgan Chase Bank, N.A.*, 370 Ga. App. 305 (896 SE2d 1) (2023), we affirmed in part and reversed in part the trial court's grant of the defendants' motions to dismiss for failure to state a claim and for insufficient service of process.

same order") (punctuation omitted). "[A]ny ruling by the Supreme Court or the Court of Appeals in a case shall be binding in all subsequent proceedings in that case in the lower court and in the Supreme Court or the Court of Appeals as the case may be." OCGA § 9-11-60 (h). Accordingly, we lack jurisdiction to consider this application for discretionary appeal, which is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
  *Clerk's Office, Atlanta,  05/28/2025*

  *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

  *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ , *Clerk.*